REAVLEY, Circuit Judge,
concurring:
I concur in the judgment of the majority but disagree with the conclusion that the presumption created by § 20(a) of the Longshore and Harbor Workers Compensation Act (LHWCA) is inapplicable to Dover’s alleged heart condition because Dover’s claim was limited to a back injury and the claim did not reference a work-related heart injury. I would apply the presumption as long as Dover presented sufficient evidence to establish a prima facie case, but because Dover did not present such a case on the current record I concur.
The § 20(a) presumption provides that “[i]n any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary — ... [t]hat the claim comes within *765 the provisions of this chapter.” 33 U.S.C. § 920(a). “A prima facie ‘claim for compensation’ to which the statutory presumption refers, must at least allege an injury that arose in the course of employment as well as out of employment.” U.S. Industries/Federal Sheet Metal, Inc. v. Dir., OWCP, 455 U.S. 608, 615-16, 102 S.Ct. 1312, 1318, 71 L.Ed.2d 495 (1982).
Dover claimed that he suffered a work-related back injury, and he testified that the steroid treatment for his back resulted in his heart condition. We have recognized that “ ‘[w]hen the primary injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment, unless it is the result of an independent intervening cause attributable to claimant’s own intentional conduct.’” Bludworth Shipyard, Inc. v. Lira, 700 F.2d 1046, 1051 (5th Cir.1983) (quoting 1 A. Larson, The Law of WORKMEN’S Compensation § 1300 (1980)). Because Dover’s claimed back injury indisputably arose out of his employment, any injury resulting from treatment for that injury should also be presumed to have arisen out of the employment and the primary injury. See Mattera v. M/V MARY ANTOINETTE, 20 BRBS 43 (1987) (back injury sustained during vocational testing following a compensable arm injury was covered under the LHWCA because the employee “would not have been undergoing vocational rehabilitation testing if he had not injured his arm during the course of his employment, and thus, we hold that the alleged back injury also arose out of and in the course of his employment”); Weber v. Seattle Crescent Container Corp., 19 BRBS 146 (1986) (a neck injury sustained during a medical examination for a work-related hearing loss “necessarily arises out of and in the course of employment”).
The problem in the instant case is the proof that Dover’s secondary injury (the heart condition) resulted from the treatment for his primary, work-related injury (the back injury). Dover was asked at the hearing before the ALJ if he had any heart problems prior to the accident on July 22, 1997. He responded, “No.” He was then asked when he started having heart problems. Dover replied as follows:
It was after my surgery. Now I went to Dr. Barnett there because I had something wrong with my lungs there, a continuous coughing. I went in there to get something, some medication for it. And he checked my blood pressure and it’s way up there and my heart’s a racing real fast, a hundred; I think about a 120 beats a minute or something like that. He told me it wasn’t — it wasn’t my blood pressure. He said, “That’s your heart doing that.” And I told him all the steroid injections I had and he said, “Steroids will do that to you.”
In finding that Dover’s heart condition was work-related, the ALJ relied in part on Dover’s testimony about Dr. Barnett’s confirmation that the steroids could have caused his heart problems. The ALJ found that nothing in the record contradicted Dover’s testimony. But the only record evidence concerning Dr. Barnett shows that Dover saw Dr. Barnett on July 23 and July 30,1997, before Dover received steroid injections. On this record, Dover could not have told Dr. Barnett about the steroid injections and Dr. Barnett could not have stated that steroids caused Dover’s heart condition. In addition, as the majority opinion notes, Dover’s answers to interrogatories stated that Dr. Barnett treated him for a urinary tract infection and cardiac problems, suggesting that any heart condition may have predated the back injury.
*766 The ALJ, as the fact finder, may resolve conflicts in the evidence. Atlantic Marine, Inc. v. Bruce, 661 F.2d 898, 900 (5th Cir.1981). Although the ALJ here found Dover to be a credible witness, there is no indication that he took conflicts in the evidence into account. Based on the current record, Dover failed to show a sufficient nexus between the steroid treatment for his back injury and his secondary heart condition to establish a prima facie case. Therefore, I concur in the judgment to vacate the order of the BRB affirming the ALJ.